UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARLON JONES,

                               Petitioner,

    -v.-                                                        9:04-CV-0400
                                                                   (NAM)(DRH)

JAMES T. CONWAY, Superintendent, Attica Correctional
Facility,

                               Respondent.
_____

APPEARANCES:                          OF COUNSEL:

MARLON JONES
Petitioner, *pro se*
00-A-6511
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011

HON. ELIOT SPITZER              GERALD J. ROCK, Esq.
For the Respondent               Assistant Attorney General
Office of Attorney General
State of New York
The Capitol
Albany, New York   12224-0341

NORMAN A. MORDUE, U.S. District Judge

**ORDER**

      Petitioner Marlon Jones ("petitioner") filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction rendered in Albany County Court on November 17, 2000 wherein petitioner was found guilty of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree.  Dkt. No. 1.  Respondent filed a response to the petition and a supporting memorandum of law on November 9, 2004.  Dkt. No. 10.

Presently before the Court is a request from petitioner to stay this proceeding in order to exhaust his state court remedies. Dkt. Nos. 14 and 16. Petitioner claims that he filed a writ of error coram nobis in state court which is presently pending.[1] Dkt. No. 16.

As the Second Circuit recognized in *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), *cert. denied*, 122 S.Ct. 506 (2001), the procedural complexities confronting a habeas petitioner proceeding under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are considerable. Where the petitioner seeks to pursue additional unexhausted claims in state court or to exhaust a claim contained in a "mixed petition",[2] the district court must consider both the timeliness of any subsequent petition and the impact of the AEDPA's limitations on second or successive petitions in determining the proper disposition of the petition. The Second Circuit ruled in *Zarvela*, that when presented with a mixed petition, the district court may dismiss without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies; however if dismissal would "jeopardize the timeliness of a collateral attack" the district court should stay the petition. *Zarvela*, 254 F.3d at 380. The Second Circuit went on to state that any stay must be "appropriately conditioned," so that a petitioner is not permitted "to take an undue amount of time to pursue state court remedies." *Id*. The Second Circuit stated:

> Therefore, where a district court elects to dismiss only unexhausted claims and stay proceedings as to the balance of the petition, the court should condition the stay on the petitioner's initiation of exhaustion within a limited period, normally 30 days, and a return to the district court after exhaustion is completed, also within a limited period, normally 30 days. With the time to

---

[1] Petitioner had also filed a motion pursuant to New York Criminal Procedure Law 440.20 which was denied by the trial court on January 25, 2005. *See* Dkt. No. 14. Petitioner advises the Court that the Appellate Division, Third Department, denied petitioner leave to appeal from his CPL 440 motion. *See* Dkt. No. 16.

[2] A mixed petition contains both exhausted and unexhausted claims.

2

>initiate exhaustion and to return to federal court thus limited, a stay of the exhausted claims will often be preferable to a dismissal of the entire petition because such a stay will reflect the continued viability of the initially filed exhausted claims.

*Id*. at 381.

In this case, based on the dates provided in the petition, petitioner's conviction became "final" for purposes of the AEDPA on or about May 27, 2003,[3] and the one year statute of limitations began to run on that date. Because dismissal of this petition may jeopardize petitioner's ability to timely file a renewed petition after state court exhaustion by way of his 440 motion is complete, a stay is clearly preferable.

Accordingly, in light of *Zarvela*, and in order to preserve the viability of any exhausted claim(s), further proceedings in this matter are hereby stayed in order that petitioner may promptly pursue his unexhausted claim(s) in state court and, if necessary, return to this court after exhaustion is complete.[4]

WHEREFORE, it is hereby

ORDERED, that petitioner's request to stay this action (Dkt. No. 14) is **GRANTED**, and further proceedings in this matter are hereby **STAYED**, and it is further

ORDERED, that **within thirty (30) days** of the resolution of petitioner's state court proceeding(s), petitioner must advise the Court in writing of the outcome thereof and must also provide a copy of the state court decision(s) concerning the disposition of the newly

---

[3] A judgment of conviction becomes final under the AEDPA at the conclusion of the ninety days during which the party could have sought certiorari in the United States Supreme Court. *Hughes v. Irvin*, 967 F.Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the United States).

[4] To the extent that any of petitioner's state court proceedings address **new** claims, petitioner is advised that once any **new** claim is fully exhausted in state court, he must file a motion to amend his petition to set forth the additional, newly exhausted claim.

3

exhausted claim(s), and it is further

ORDERED, that if a decision has not yet been reached in state court, petitioner advise the Court, **within sixty (60) days** of the filing date of this Order, of the status of his state court proceeding.  Further **every subsequent sixty (60) days thereafter**, until a decision has been rendered, petitioner must inform the Court of the status of his state court proceeding, and it is further

ORDERED, that to the extent that petitioner's state court proceedings addressed a new claim not included in the original petition, then **within thirty (30) days** of the resolution of petitioner's state court proceedings, petitioner must file a motion for leave to amend his petition to set forth any additional newly exhausted claims.  Petitioner's motion must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules of the Northern District and must be accompanied by a proposed amended petition which is a complete pleading, and it is further

ORDERED, that if petitioner fails to comply with the terms of this Order, the stay will be lifted and the file forwarded to the Court for further consideration, and it is further

ORDERED, that the Clerk serve a copy of this Order upon the parties.

IT IS SO ORDERED.

Dated:  July 14, 2005

*Norman A. Mordue* (signature)
Norman A. Mordue
U.S. District Judge